Bradford G. Hughes, Esq. (SBN 247141)
Matthew M. Spolsky, Esq. (SBN 333619)
CLARK HILL LLP
555 South Flower Street, 24th Floor
Los Angeles, CA 90071
Telephone:   (213) 891-9100
Facsimile:    (213) 488-1178
bhughes@clarkhill.com
mspolsky@clarkhill.com

Attorneys for Plaintiff NATIONAL INTERSTATE
INSURANCE COMPANY

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NATIONAL INTERSTATE INSURANCE COMPANY, an Ohio corporation,<br><br>                              Plaintiff,<br><br>     v.<br><br>MIKE TAMANA FREIGHT LINES, LLC, a California limited liability company; AMANJOT TAMANA, an individual; RUPINDER TAMANA, an individual; and DOES 1 through 20, inclusive,<br><br>                              Defendants. | Case No.<br><br>**COMPLAINT FOR DECLARATORY RELIEF TO ENFORCE SETTLEMENT AGREEMENT PURSUANT TO CALIFORNIA CODE OF CIVIL PROCEDURE SECTION 664.6** |

Plaintiff   NATIONAL   INTERSTATE   INSURANCE   COMPANY
("Plaintiff") alleges as follows:

### **PARTIES**

1.      Plaintiff NATIONAL INTERSTATE INSURANCE COMPANY is
and was at all times relevant herein a corporation duly organized and existing under
the laws of the state of Ohio.

///

///

2.     Defendant MIKE TAMANA FREIGHT LINES, LLC ("Tamana Freight") is and was at all times herein a limited liability company duly organized and existing under the laws of the state of California.

3.     Plaintiff is informed and believes, and thereon alleges, that at all times relevant herein Defendant AMANJOT TAMANA was a citizen of the state of California and a member-owner of Defendant Tamana Freight.

4.     Plaintiff is informed and believes, and thereon alleges, that at all times relevant herein Defendant RUPINDER TAMANA was a citizen of the state of California a member-owner of Defendant Tamana Freight.

5.     Plaintiff is unaware of the true names and capacities of DOES 1 through 20, inclusive, and accordingly, sues said defendants by such fictitious names. Plaintiff is informed and believes, and thereon alleges, that each of said defendants is, in some fashion, responsible for the activities and actions herein alleged.  When the true names and capacities of such fictitiously named defendants are ascertained, Plaintiff will amend this Complaint to allege the same.

6.     Plaintiff is informed and believes, and thereon alleges, that at all times herein mentioned, Defendants, and each of them, were acting as agents, servants, employees, partners and/or principals of each other and, in committing the acts and omissions alleged hereinafter, were acting within the course and scope of their duty and authority with the permission, knowledge, consent, and ratification of each of the remaining defendants.

## JURISDICTION AND VENUE

7.     This Court has jurisdiction over the subject matter in this action pursuant to 28 U.S.C. § 1332 inasmuch as it is a civil action between citizens of different states and the amount in controversy exceeds $75,000, exclusive of interests and costs.

///

///

CASE NO.:
COMPLAINT FOR DECLARATORY RELIEF
ClarkHill\K2022\417692\277452823.v1-5/29/24

8.     This Court also has jurisdiction through *Federal Rule of Civil Procedure* 41(a) and *California Code of Civil Procedure* Section 664.6 as stipulated in the Settlement Agreement and Release ("Settlement Agreement") entered into on April 13, 2022 between Plaintiff and Defendants TAMANA FREIGHT, AMANJOT TAMANA, RUPINDER TAMANA, and DOES 1 through 20 ("Defendants"; Plaintiff and Defendants are collectively referred to herein as "the Parties") to resolve Plaintiff's previously filed Complaint assigned case number 1:20-cv-01829-NONE-SAB (the "Complaint"). In the Settlement Agreement the Parties stipulated that the United States District Court, Eastern District of California, shall retain jurisdiction over the settlement in order to supervise, interpret, and enforce the terms and conditions of the Settlement Agreement and release between the Parties. (A true and correct copy of the Settlement Agreement is attached hereto as Exhibit A.). On May 13, 2022, a Stipulation for Dismissal signed by all parties who had appeared in the action surrounding Plaintiff's Complaint was filed with the Court. This Stipulation for Dismissal referenced the Settlement Agreement. On May 16, 2022, the Court ordered the Clerk enter the Parties' Stipulation of Dismissal and to "CLOSE the file in this case and adjust the docket to reflect voluntary dismissal of [the Complaint] pursuant to Rule 41(a)." Plaintiff's Complaint was dismissed with prejudice. Pursuant to the stipulations contained in the Settlement Agreement, the Court's reference to the Stipulation for Dismissal filed, and the Court's Order for Dismissal with Prejudice, this Court has retained jurisdiction to enforce the Settlement Agreement existing between the Parties.

9.     Venue is proper in this Court because the Parties stipulated in the Settlement Agreement that the United States District Court, Eastern District of California, shall be the appropriate venue should a new action to enforce the terms of the Settlement Agreement arise.

///

///

CASE NO.:

COMPLAINT FOR DECLARATORY RELIEF

ClarkHill\K2022\417692\277452823.v1-5/29/24

# FACTUAL BACKGROUND

10.     Plaintiff is a specialty property and casualty insurance company that provides insurance for customers in the commercial trucking industry.

11.     Defendant Tamana Freight is a freight shipping and trucking company that provides transportation of freight and cargo throughout the United States. Defendant Tamana Freight is an authorized for hire motor carrier that maintains interstate operating authority with the U.S. Department of Transportation.

12.     On December 29, 2020, Plaintiff filed a Complaint against Defendants TAMANA FREIGHT, AMANJOT TAMANA, RUPINDER TAMANA, and DOES 1 through 20 (collectively "Defendants"). Plaintiff's Complaint was assigned case number 1:20-cv-01829-NONE-SAB (the "Complaint").

13.     On or about April 13, 2022, the Complaint was resolved by way of a Settlement Agreement and Release ("Settlement Agreement"). The Defendants were to pay Plaintiff Four Hundred Eighty Thousand One Hundred Fifty-Seven Dollars and Five Cents ($480,157.05) in the following installments:

   a.  Five Thousand Dollars ($5,000.00) within fourteen (14) days of execution of the Settlement Agreement, followed by,

   b.  One Thousand Five Hundred Dollars ($1,500.00) per week for fifty-two (52) weeks, with the first payment due the first Friday that was at least twenty-one (21) days after execution of the Settlement Agreement, followed by,

   c.  Two Thousand Three Hundred Dollars ($2,300.00) per week for fifty-two weeks, followed by,

   d.  A final balloon payment of the balance of the outstanding amount due, which shall be made by Defendants on the second anniversary of the first weekly payment made.

///

CASE NO.:
COMPLAINT FOR DECLARATORY RELIEF
ClarkHill\K2022\417692\277452823.v1-5/29/24

14.    In the Settlement Agreement the Parties stipulated that the United States District Court, Eastern District of California, shall retain jurisdiction over the settlement in order to supervise, interpret, and enforce the terms and conditions of the settlement agreement and release between the Parties.

15.    On May 13, 2022, a Stipulation for Dismissal signed by all parties who had appeared in the action surrounding Plaintiff's Complaint which referenced the Settlement Agreement was filed with the Court.

16.    On May 16, 2022, the Court ordered the Clerk enter the Parties' Stipulation of Dismissal and to "CLOSE the file in this case and adjust the docket to reflect voluntary dismissal of [the Complaint] pursuant to Rule 41(a)." Plaintiff's Complaint was dismissed with prejudice.

17.    Defendants made payments required by the Settlement Agreement between April 13, 2022, and before March 28, 2024.

18.    On or about March 28, 2024, Defendant made their forty-first (41st) weekly payment of Two Thousand Three Hundred Dollars ($2,300.00) to Plaintiff.

19.    The payments made by Defendants between April 13, 2022, and March 28, 2024, total One Hundred Seventy-Eight Thousand Eight Hundred dollars ($178,800.00).

20.    Defendants ceased making payments required by the Settlement Agreement after their March 28, 2024, payment.

21.    Defendants have not responded to Plaintiff's request that they continue with their payments under the Settlement Agreement and have made no additional payments on the outstanding balance.

22.    Despite Plaintiff's attempts to encourage Defendants to continue their payments required under the Settlement Agreement, Defendants have made no further payments on the balance owed to Plaintiffs.

///

///

CASE NO.:

COMPLAINT FOR DECLARATORY RELIEF

ClarkHill\K2022\417692\277452823.v1-5/29/24

23.    The total balance owed by Defendants as of May 3, 2024, is Three Hundred Thirteen Thousand Four Hundred Forty-Two Dollars and Seventy-Eight Cents ($313,442.78). This amount includes Twelve Thousand Eighty-Five Dollars and Seventy-Three Cents ($12,085.73) of new deductible activity incurred by Plaintiff.

### FIRST CAUSE OF ACTION

### (For Declaratory Relief against All Defendants)

24.    Plaintiff realleges and incorporates by reference Paragraphs 1 through 23, inclusive, as if the same were fully set herein.

25.    An actual controversy exists as between Plaintiffs and Defendants regarding Defendants' duty to pay monies to Plaintiff as required by the Settlement Agreement.

26.    By the terms of the Settlement Agreement, Defendants were to pay Plaintiff Four Hundred Eighty Thousand One Hundred Fifty-Seven Dollars and Five Cents ($480,157.05).

27.    Between April 13, 2022, and March 28, 2024, Defendants' made payments totaling One Hundred Seventy-Eight Thousand Eight Hundred dollars ($178,800.00)

28.    The total balance remaining owed by Defendants to Plaintiff as of May 3, 2024, is Three Hundred Thirteen Thousand Four Hundred Forty-Two dollars and Seventy-Eight cents ($313,442.78).

29.    This Court has the authority to declare the rights of Plaintiff under the Settlement Agreement pursuant to 28 U.S.C. § 2201(a) (the Declaratory Judgment Act) for the amount remaining owed under the Settlement Agreement totaling Three Hundred Thirteen Thousand Four Hundred Forty-Two dollars and Seventy-Eight cents ($313,442.78) plus interest at the maximum legal rate and costs incurred herein.

///

ClarkHill\K2022\417692\277452823.v1-5/29/24

30.     Declaratory Relief by this Court is necessary to enforce the terms and conditions of the Settlement Agreement and release between the Parties. In additional to *Federal Rule of Civil Procedure* 41(a), *California Code of Civil Procedure* § 664.6, a substantive law stipulated to by the Parties as binding in the Settlement Agreement, confers on this Court the power to enter judgment pursuant to the terms of the Settlement Agreement. This Court can issue the Declaratory Relief sought by Plaintiff.

31.     Paragraph 11 of the Settlement Agreement provides for the recovery of attorney's fees and costs incurred by Plaintiff in connection with the enforcement of the Settlement Agreement. Plaintiff has incurred and will continue to incur attorney's fees and costs to enforce its rights under the Settlement Agreement. Pursuant to Paragraph 11 of the Settlement Agreement, Plaintiff seeks recovery of attorneys' fees and costs incurred herein.

## PRAYER FOR RELIEF

WHEREFORE Plaintiff prays for a judgment against Defendants, as follows:

1.    For Declaratory Relief

2.    For general damages not less than $313,442.78.

3.    For special damages not less than $313,442.78.

4.    For costs of suit incurred herein.

5.    For attorney's fees incurred herein.

6.    For such other and further relief as the Court may deem proper.

Dated:  June 3, 2024                                    CLARK HILL LLP


By: _____
    Bradford G. Hughes
    Matthew M. Spolsky
    Attorneys for Plaintiff NATIONAL
    INTERSTATE INSURANCE COMPANY

                                                                        CASE NO.:
COMPLAINT FOR DECLARATORY RELIEF
ClarkHill\K2022\417692\277452823.v1-5/29/24