# EXHIBIT "A"

# PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This summons for *(name of individual and title, if any)* **RUPINDER TAMANA**
was received by me on **June 9, 2024**

☐ I personally served the Service Documents on the individual at     on

☑ I left the SUMMONS IN A CIVIL CASE; COMPLAINT FOR DECLARATORY RELIEF TO ENFORCE SETTLEMENT AGREEMENT PURSUANT TO CALIFORNIA CODE OF CIVIL PROCEDURE SECTION 664.6 at the individual's business with Gill "Doe" - Person apparently in charge, a person of suitable age and discretion who works there, on June 24, 2024 at 3:00 PM, and mailed a copy to the individual's last known address; or

☐ I served the Service Documents to    , who is designated by law to accept service of process on behalf of    on    ;or

☐ I returned the SUMMONS IN A CIVIL CASE; COMPLAINT FOR DECLARATORY RELIEF TO ENFORCE SETTLEMENT AGREEMENT PURSUANT TO CALIFORNIA CODE OF CIVIL PROCEDURE SECTION 664.6 unexecuted because;

My fees are $ .00 for travel and $ 55.00 for services, for a total of $ 55.00

I declare under penalty of perjury that this information is true.

Date: **7/2/2024**

*[Signature: Randy Myers 07/05/24]*
*Server's signature*

**Randy Myers, Registered Process Server**
*Printed name and title*

**Kim Tindall & Associates**
**16414 San Pedro Ave Ste 900**
**San Antonio, TX 782322285**
**(210) 697-3400**
*Server's Address*

# PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This summons for *(name of individual and title, if any)*     **MIKE TAMANA FREIGHT LINES, LLC**
was received by me on   June 9, 2024

☐ I personally served the Service Documents on the individual at    on

☑ I left the SUMMONS IN A CIVIL CASE; COMPLAINT FOR DECLARATORY RELIEF TO ENFORCE SETTLEMENT AGREEMENT PURSUANT TO CALIFORNIA CODE OF CIVIL PROCEDURE SECTION 664.6 at the individual's business with Gill "Doe" - Person apparently in charge, a person of suitable age and discretion who works there, on June 24, 2024 at 3:00 PM, and mailed a copy to the individual's last known address; or

☐ I served the Service Documents to   , who is designated by law to accept service of process on behalf of    on  ;or

☐ I returned the SUMMONS IN A CIVIL CASE; COMPLAINT FOR DECLARATORY RELIEF TO ENFORCE SETTLEMENT AGREEMENT PURSUANT TO CALIFORNIA CODE OF CIVIL PROCEDURE SECTION 664.6 unexecuted because;

My fees are $ .00 for travel and $ 89.00 for services, for a total of $ 89.00

I declare under penalty of perjury that this information is true.

Date: 7/2/2024

*Randy Myers 07/05/2024*
*Server's signature*

**Randy Myers, Registered Process Server**
*Printed name and title*

Kim Tindall & Associates
16414 San Pedro Ave Ste 900
San Antonio, TX 782322285
(210) 697-3400
*Server's Address*

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This summons for *(name of individual and title, if any)*  **AMANJOT TAMANA**
was received by me on  June 9, 2024

☐ I personally served the Service Documents on the individual at    on

☑ I left the SUMMONS IN A CIVIL CASE; COMPLAINT FOR DECLARATORY RELIEF TOENFORCE SETTLEMENT AGREEMENT PURSUANT TO CALIFORNIA CODE OF CIVIL PROCEDURE SECTION 664.6 at the individual's business with Gill "Doe" - Person apparently in charge, a person of suitable age and discretion who works there, on June 24, 2024 at 3:00 PM, and mailed a copy to the individual's last known address; or

☐ I served the Service Documents to   , who is designated by law to accept service of process on behalf of   on   ;or

☐ I returned the SUMMONS IN A CIVIL CASE; COMPLAINT FOR DECLARATORY RELIEF TOENFORCE SETTLEMENT AGREEMENT PURSUANT TO CALIFORNIA CODE OF CIVIL PROCEDURE SECTION 664.6 unexecuted because;

My fees are $ .00 for travel and $ 55.00 for services, for a total of $ 55.00

I declare under penalty of perjury that this information is true.

Date: **7/2/2024**

*RANDY MYERS*
*Server's signature*

**Randy Myers, Registered Process Server**
*Printed name and title*

**Kim Tindall & Associates**
**16414 San Pedro Ave Ste 900**
**San Antonio, TX 782322285**
**(210) 697-3400**
*Server's Address*

A0440-A41256

# EXHIBIT "B"

## SETTLEMENT AGREEMENT AND GENERAL RELEASE OF ALL CLAIMS

This Settlement Agreement and General Release of All Claims (hereinafter "Settlement Agreement and Release") is given by and between plaintiff NATIONAL INTERSTATE INSURANCE COMPANY (hereinafter, "Plaintiff") and defendants MIKE TAMANA FREIGHT LINES LLC, AMANJOT TAMANA, and RUPINDER TAMANA (hereinafter collectively, "Defendants"). The parties are hereinafter collectively referred to as the "Parties."

### RECITALS

A.   Plaintiff filed a complaint for damages styled *National Interstate Insurance Company v. Mike Tamana Freight Lines LLC, et al.* in the United States District Court Eastern District of California, Case No. 1:20-cv-01829-NONE-SAB (the "Complaint") alleging, among other things, that Defendants failed to pay necessary premiums and deductibles for insurance policies provided by Plaintiff and its subsidiaries, as more specifically set forth in the operative complaint, which is incorporated herein by this reference (hereinafter, the "Lawsuit").

B.   Plaintiff now wishes to settle any and all claims that Plaintiff may have against Defendants and to dismiss the Complaint, with prejudice, as to all parties and all causes of action.

NOW, THEREFORE, in consideration of the foregoing recitals and the terms set forth below, it is agreed:

1.   Settlement Sum and Stay of Litigation: Defendants agree to pay to Plaintiff the total sum of Four Hundred and Eighty Thousand One Hundred and Fifty-Seven

Dollars and Five Cents ($480,157.05) representing the full and final settlement of Plaintiff's Complaint against Defendants (hereinafter referred to as, "Settlement Sum") as follows:

  a. Five Thousand Dollars ($5,000) within fourteen (14) days of execution of this Settlement Agreement and Release, followed by,

  b. One Thousand Five Hundred Dollars ($1,500) per week for fifty-two (52) weeks, with the first payment becoming due the first Friday that is at least twenty-one (21) days after execution of this Settlement Agreement and Release, followed by,

  c. Two Thousand Three Hundred Dollars ($2,300) per week for fifty-two weeks, followed by,

  d. A final balloon payment of the balance of the outstanding amount due, which shall be made by Defendants on the second anniversary of the first weekly payment specified in this paragraph 1(b). The outstanding amount owed by Defendants will be determined by way of an audit under the policies, as set forth in paragraph 2 of this Settlement Agreement and Release. In the event that the total obligation owed by Defendants is determined to be less than the Settlement Sum, any adjustments thereto will be deducted from the final balloon payment. Defendants understand and agree that any future deductible activity, as set forth in paragraph 3 of this Settlement Agreement and Release, may increase the total

Settlement Sum and will be owed by Defendants as part of the final balloon payment.

2. <u>Audit</u>: The balloon payment of the balance of the Settlement Sum will be subject to an audit of the policies. Within 15 days of execution of this Agreement, Plaintiff shall contact Defendants to arrange for submission of evidence by Defendants that Plaintiff's calculation of the Settlement Sum is incorrect. Within 60 days after final submission of evidence by Defendants, the Parties shall meet and confer regarding the status of the audit, the evidence submitted by Defendants, and any revisions to the Settlement Sum.

3. <u>Future Deductible Activity</u>: Defendants acknowledge the possibility that they will have future claims or deductible activity on the underlying policies and that should such deductible activity occur in the future but before the Settlement Sum is paid off, the total obligation owed by Defendants may increase due to future activity and will be included in the final balloon payment.

4. <u>Stay of Litigation</u>: The Parties agree to execute a stipulation to stay the Lawsuit pending and until Defendants perform fully under this Settlement Agreement and Release.

5. <u>Release by Plaintiff of All Claims</u>: It is expressly understood and agreed that as further consideration for payment of the Settlement Sum referred to in paragraph 1 of this Settlement Agreement and Release, Plaintiff covenants for Plaintiff, Plaintiff's heirs, executors, administrators, successors and assigns to indemnify and save harmless the Defendants from all claims and demands, costs, loss of services, expenses and

compensation on account of or in any way growing out of said Lawsuit.

6. <u>Release by Plaintiff of Defendants</u>: In further consideration of the payment of the Settlement Sum referred to in paragraph 1 of this Settlement Agreement and Release, Plaintiff, on behalf of Plaintiff and Plaintiff's successors, assigns and anyone claiming through or under any of the foregoing, hereby releases, acquits and forever discharges Defendants, affiliated companies, predecessors, agents, successors and assigns (collectively hereinafter, the "<u>Released Entities</u>"), and all past, present and future shareholders, directors, officers, employees, agents, representatives, attorneys, accountants, adjusters and insurers of each of the Released Entities of and from any and all any and all damages of every kind, including, but not limited to, compensatory, exemplary, statutory, or contractual damages, and damages under warranty, occurring both in the past and which may occur in the future, as a result of the injuries and damages alleged in the Lawsuit by Plaintiff.

The Plaintiff specifically waives the benefit of the provisions of Section 1542 of the Civil Code of the State of California which provides:

> A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.

The releases set forth above are in full and final settlement of any and all claims and causes of action, whether the action, causes of action, claims, liabilities, losses, or demands are currently known, unknown, foreseen or unforeseen, and the Plaintiff expressly waives the benefits of Section 1542. In connection with the waiver and relinquishment, the Plaintiff acknowledges that it is aware that it may hereafter discover

claims presently unknown or unsuspected, or facts in addition to or different from those which it knows or believes to be true, with respect to the matters released. Nevertheless, it is the intention of the Plaintiff, through this Agreement, and with the advice of counsel, to fully, finally, and forever settle and release all such matters and all related claims which now exist, may exist, or may have existed between the Parties. In furtherance of this intention, the release given shall be and remain in effect as a full and complete release of these matters notwithstanding discovery or existence of any such additional or different claims or facts.

7. <u>Representations and Warranties</u>: Plaintiff represents and warrants that Plaintiff is the sole owner of each and every matter released in paragraphs 5 and 6, of this Settlement Agreement and Release (collectively, the "<u>Released Matters</u>") and that Plaintiff has not heretofore assigned or transferred, or purported to assign or transfer, to any person or entity any interest in any of the Released Matters, except for a possible arrangement between Plaintiff and Plaintiff's counsel concerning attorneys' fees.

8. <u>Confidentiality</u>: The terms of this Settlement Agreement and Release shall remain strictly confidential. The Parties agree that they have not disclosed and will not disclose the terms of this Settlement Agreement and Release or otherwise communicate the terms of the Settlement Agreement and Release to any individual or entity except: (1) to such Party's attorneys or tax preparers/advisors who reasonably need to know the information in order to provide professional services such Party or such Party's counsel; (2) as otherwise required by law; (3) to such Party's spouse or domestic partners (if any); or (4) as necessary to enforce the terms of this Settlement Agreement and Release. Such

confidentiality is a material term of this Settlement Agreement and Release. As used in this Paragraph, the phrase "required by law" shall mean pursuant to a valid subpoena or the order of a court having competent jurisdiction. Upon receipt of notice of the issuance of a subpoena or court order which may reasonably lead to disclosure of this Settlement Agreement and Release or its terms, the recipient will promptly notify the other party in order to provide it with an opportunity to object to such production. In the event that disclosure is necessary pursuant to any of the provisions of this Paragraph, the Party making the disclosure shall apprise the third party to whom such disclosure is made of the confidential nature of the information disclosed and shall use reasonable, good faith efforts to secure and assure the confidentiality and non-disclosure of the information by the third party. All Parties agree that good and valuable consideration in the amount of $5,000.00 was apportioned from the amounts in paragraph 1 for this Confidentiality Clause pursuant to the tax ruling in *Amos v. Commissioner of Internal Review*, 86 T.C.M. 663 (2003).

9. Non-Disparagement: The Parties agree that they will not hereafter defame, disparage or impugn the other in any communications with any third-party or entity. "Disparage," as used in this Settlement Agreement and Release, means to make any statement, written or oral, that casts another Party in a negative light of any kind, or implies or attributes any negative quality to those persons or entities, including, but not limited to, any negative references regarding the methods of conducting business. However, this Paragraph shall not prohibit any Parties from making truthful statements to governmental agencies or authorities, or as a witness in a deposition, hearing or trial, in

each case as necessary to comply with applicable law.

10. <u>Enforceable Pursuant to Federal Rules of Civil Procedure Rule 41 and California Code of Civil Procedure Section 664.6</u>: The Parties acknowledge that the United States District Court, Eastern District of California, shall retain jurisdiction over this settlement, pursuant to Federal Rules of Civil Procedure rule 41 and Code of Civil Procedure section 664.6, to supervise, interpret, and enforce the terms and conditions of this Settlement Agreement and Release, and for the purpose of enabling any party to this Settlement Agreement and Release to apply to the Court at any time for such further orders or directions as may be necessary or appropriate for the resolution of any dispute regarding this Settlement Agreement and Release. The Parties agree and do stipulate that the Court shall retain jurisdiction over this Settlement Agreement and Release for all purposes. If the Court declines to retain jurisdiction over this Settlement Agreement and Release, then, upon an alleged breach of this Settlement Agreement and Release, the Parties shall have the right to pursue other available legal action to enforce the terms of this Settlement Agreement and Release, including filing a new action to enforce the terms of this Settlement Agreement and Release.

11. <u>Costs and Attorneys' Fees</u>: Each party shall bear its own costs and attorneys' fees incurred in the Lawsuit and preparation this Settlement Agreement. The prevailing Party in any action to enforce or interpret this Settlement Agreement shall be entitled to recover its reasonable attorneys' fees from the Party over which it has prevailed.

12. <u>Delivery of Additional Documents</u>: The Parties agrees to execute and

deliver any additional documents and instruments, and to perform any additional acts, that may be necessary or appropriate to effectuate, consummate or perform any of the terms of this Settlement Agreement and Release.

13. <u>No Admission of Liability</u>: The Parties understands and agrees that by payment of the Settlement Sums referred to in paragraph 1 of this Settlement Agreement and Release, Defendants do not admit any liability on Defendants' part but that such settlement is the compromise of disputed claims and is made solely to avoid the cost and risk of continued litigation.

14. <u>Voluntary Release</u>: The Parties enter into this Settlement Agreement and Release, and give the releases contained herein, freely, and voluntarily. Further, the Parties acknowledge that they have read this entire document and acknowledge that in executing this Settlement Agreement and Release, they are relying on the advice and recommendations of their own independently-selected counsel.

15. <u>Settlement Agreement and Release is Contractual</u>: In executing this Settlement Agreement and Release, all Parties understand that the terms are contractual and not a mere recital.

16. <u>Entire Agreement / Integration Clause</u>: This Settlement Agreement and Release contains the entire agreement between the Parties, and its terms supersede all prior discussions, understandings or agreements between them concerning the subject matter of this Settlement Agreement and Release.

17. <u>No Amendments</u>: This Settlement Agreement and Release shall not be amended or modified except by a writing signed by the Parties.

18. <u>Binding on Heirs</u>: This Settlement Agreement and Release is binding and enforceable upon the Parties' estates, heirs, beneficiaries, representatives, successors and assigns.

19. <u>Construction</u>: This Settlement Agreement and Release and its validity, construction and effect shall be governed by the laws of the State of California applicable to contracts executed and wholly to be performed therein.

20. <u>No Presumption Against Drafter</u>: The Parties each acknowledge that they have been fully involved in the negotiation and drafting of this Settlement Agreement and Release. Accordingly, the Parties acknowledge that any rule of construction of contracts resolving any ambiguities against the drafting Party shall be inapplicable to this Settlement Agreement and Release. Further, the Parties acknowledge that they have read this entire document and acknowledge that in executing this Settlement Agreement and Release, they are relying on the advice and recommendations of their own independently-selected counsel and that they have executed this Settlement Agreement and Release freely and voluntarily.

21. <u>Breaching Party Obligations</u>: A Party breaching any acknowledgement, warranty and/or representation in this Paragraph shall hold the other Parties harmless from any such breach, including the payment of reasonable outside attorney's fees and costs.

22. <u>Execution in Counterparts</u>: This Settlement Agreement and Release may be executed in counterparts and when each Party has signed and delivered at least one such counterpart, each counterpart shall be deemed an original, and all counterparts taken

together will constitute one and the same Settlement Agreement and Release, which will be binding and effective as to all Parties. Signatures transmitted by facsimile or electronic means shall be binding.

IN WITNESS WHEREOF, the Parties hereto have caused this Settlement Agreement and Release to be duly executed as of the date below.

DATED: April 25, 2022

NATIONAL INTERSTATE INSURANCE COMPANY, Plaintiff

By: _____
Name: George Skurkey
Title: SVP Transportation

DATED: April 8, 2022

MIKE TAMANA FREIGHT LINES LLC

By: *Amanjot Tamana* (DocuSigned)
Name: Amanjot Tamana
Title: President

DATED: April 8, 2022

*Amanjot Tamana* (DocuSigned)
Amanjot Tamana, Defendant

DATED: April 13, 2022

(DocuSigned)
Rupinder Tamana, Defendant

**Approved as to Form and Content**

DATED: April 7, 2022

_____
Matthew Olson,
Counsel for Defendants