UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NATIONAL INTERSTATE INSURANCE COMPANY,<br><br>    Plaintiff,<br><br>        v.<br><br>MIKE TAMANA FREIGHT LINGES, LLC, *et al.*,<br><br>    Defendants. | Case No.  2:24-cv-1592-TLN-JDP<br><br>ORDER |

Plaintiff National Interstate Insurance Company moves for default judgment against defendants Mike Tamana Freight Lines, LLC, Amanjot Tamana, and Rupinder Tamana. As explained below, the motion for default is deficient. Accordingly, the motion is denied without prejudice.

**Background**

This action arises from defendants' alleged breach of a settlement agreement that resolved an earlier lawsuit between the parties. According to the complaint, in December 2020, plaintiff filed a lawsuit in this district against defendants Mike Tamana Freight Lines, LLC, Amanjot Tamana, and Rupinder Tamana—the same defendants named in this action. ECF No. 1 ¶ 12. On April 13, 2022, the parties entered into a settlement agreement under which defendants agreed to pay plaintiff $480,157—with payments made over the course of year pursuant to an installment

1

1 schedule—in exchange for plaintiff's dismissal of the earlier action with prejudice. *Id.*¶ 13. On
2 May 13, 2022, the parties filed a stipulation for voluntary dismissal, *id.* ¶ 15, and the court later
3 ordered the Clerk of Court to close the case. *Id.* ¶ 16; *see Nat'l Interstate Ins. Co. v. Mike*
4 *Tamana Freight Lines, LLC*, 1:20-cv-1829-DAD-SAB (E.D. Cal. 2020), ECF No. 30; *see also*
5 Fed. R. Civ. P. 41(a)(1)(A)(ii).

6 From April 13, 2022, through March 28, 2024, defendants allegedly made installment
7 payments totaling $178,800. Plaintiff claims, however, that defendants made no further payments
8 and that, as of May 3, 2024, defendants still owe $313,442.78 under the settlement agreement.
9 *Id.* ¶ 23. On June 3, 2023, plaintiff filed the instant action, alleging a single cause of action for
10 declaratory relief. Plaintiff filed proofs of service purporting to show that defendants were served
11 on June 24, 2024. ECF Nos. 4-6. After defendants failed to respond, plaintiff requested entry of
12 their default, ECF No. 7, which the Clerk of Court entered on December 10, 2024, ECF No. 8.
13 Plaintiff now moves for default judgment.

**Legal Standard**

15 Under Federal Rule of Civil Procedure 55, default may be entered against a party who
16 fails to plead or otherwise defend against an action. *See* Fed. R. Civ. P. 55(a). However, "[a]
17 defendant's default does not automatically entitle the plaintiff to a court-ordered judgment."
18 *PepsiCo, Inc. v. Cal. Sec. Cans*, 238 F. Supp. 2d 1172, 1174 (C.D. Cal. 2002) (citing *Draper v.*
19 *Coombs*, 792 F.2d 915, 924-25 (9th Cir. 1986)). Rather, the decision to grant or deny a motion
20 for default judgment is discretionary. *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). In
21 exercising that discretion, the court considers the following factors:

22
23
24
25
> (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action, (5) the possibility of a dispute concerning the material facts, (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

26 *Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986). "In applying this discretionary
27 standard, default judgments are more often granted than denied." *Philip Morris USA, Inc. v.*
28 *Castworld Prods., Inc.*, 219 F.R.D. 494, 498 (C.D. Cal. 2003) (quoting *PepsiCo, Inc. v. Triunfo-*

2

*Mex, Inc.*, 189 F.R.D. 431, 432 (C.D. Cal. 1999)).

Generally, once default is entered "the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." *TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917-18 (9th Cir. 1987) (quoting *Geddes v. United Fin. Grp.*, 559 F.2d 557, 560 (9th Cir. 1977)). However, "necessary facts not contained in the pleadings, and claims which are legally insufficient, are not established by default." *Cripps v. Life Ins. Co. of N. Am.*, 980 F.2d 1261, 1267 (9th Cir. 1992).

**Discussion**

Plaintiff has failed to establish that it is entitled to default judgment. Plaintiff's motion consists of little more than a statement informing the court that defendants are in default and that plaintiff seeks default judgment pursuant to Federal Rule of Civil Procedure 55(b). The motion does not address the *Eitel* factors or otherwise explain why default judgment is appropriate. *See generally* ECF No. 9. The affidavit of Bradford Hughes, plaintiff's counsel, which was submitted with the motion, is also devoid of any discussion concerning the standard for default judgment. *See* ECF No. 9-1 at 1-5.

The failure to address the *Eitel* factors is particularly significant given the nature of plaintiff's claim and the relief sought. As discussed above, this action arises out of defendants' alleged breach of a settlement agreement. However, rather than bringing a breach of contract claim, plaintiff's sole cause of action purports to be for declaratory relief. But declaratory relief is a remedy, not an independent cause of action. *See Lane v. Vitek Real Estate Indus. Grp.*, 713 F. Supp. 2d 1092, 1104 (E.D. Cal. 2010) ("Declaratory and injunctive relief are not independent claims, rather they are forms of relief."); *Taheny v. Wells Fargo Bank, N.A.*, No. CIV. S-10-2123 LKK, 2010 WL 5394315, at *11 (E.D. Cal. Dec. 22, 2010) ("Plaintiffs' purported claim for 'declaratory relief' is a remedy, not a cause of action."). To add to the confusion, plaintiff's motion does not actually seek declaratory relief. Instead, plaintiff asks for monetary damages resulting from defendants' alleged breach of the settlement agreement.

Plaintiff's motion also asks for $13,410 in attorney's fees, but plaintiff does not explain how the requested attorney's fees were calculated. ECF No. 9-1 at 3. This court's local rules

1  require a party seeking an award of attorney's fees to submit an affidavit addressing certain
2  criteria that the court will consider in determining whether an award of attorney's fees is
3  appropriate. *See* E.D. Cal. L. R. 293(b) and (c). Plaintiff's counsel's affidavit does not address
4  the criteria delineated in this court's local rules.

5  More fundamentally, plaintiff has not adequately demonstrated that each defendant was
6  properly served. In deciding whether default judgment is appropriate, a court must first consider
7  "the adequacy of the service of process on the party against whom default judgment is requested."
8  *Bricklayers & Allied Craftworkers Local Union No. 3 v. Palomino*, No. C-09-01589-CW (DMR),
9  2010 WL 2219595, at *2 (N.D. Cal. June 2, 2010). "Absent a showing that a defendant has
10 adequately been informed of an action, it is inappropriate to conclude that the defendant 'has
11 failed to plead or otherwise defend.'" *Downing v. Wanchek*, No. CIV S-07-1599 JAM EFB, 2009
12 WL 256502, at *3 (E.D. Cal. Jan. 30, 2009) (quoting Fed. R. Civ. P. 55(a)); *see also Direct Mail*
13 *Specialists, Inc. v. Eclat Computerized Techs., Inc.*, 840 F.2d 685, 688 (9th Cir. 1988) ("A federal
14 court does not have jurisdiction over a defendant unless the defendant has been served properly
15 under Fed. R. Civ. P. 4.").

16 In July 2024, plaintiff filed three proofs of service reflecting that each defendant was
17 served by substitute service. Specifically, the proofs of service state that on June 24, 2024, a
18 process server left copies of the summons and complaints at defendants' "business with Gill
19 'Doe'—Person apparently in charge . . . , and mailed a copy to the individual's last known
20 address." ECF Nos. 4-6.

21 Rule 4(e)(1) specifies the procedures for service upon individuals, while Federal Rule of
22 Civil Procedure 4(h) governs service for unincorporated associations. An individual may be
23 served by:

24 > (1) following state law for serving a summons in an action brought
>     in courts of general jurisdiction in the state where the district court
25 >     is located or where service is made; or

26 > (2) doing any of the following:

27 >     (A) delivering a copy of the summons and of the complaint
>         to the individual personally;
28

4

>   (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or
>
>   (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Fed. R. Civ. P. 4(e).

Under Rule 4(h), an "unincorporated association . . . must be served: . . . (A) in the manner prescribed by Rule 4(e)(1) for serving an individual; or (B) by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and—if the agent is one authorized by statute and the statute so requires—by also mailing a copy of each to the defendant." Under California law, an association may be served by personally delivering a copy of the summons and the complaint to the association's "president, chief executive officer, or other head of the corporation, a vice president, a secretary or assistant secretary, a treasurer or assistant treasurer, a controller or chief financial officer, a general manager, or a person authorized by the corporation to receive service of process." Cal. Civ. P. § 416.10; *see* Cal. Civ. P. § 416.30.

California allows for substitute service on individuals, but only "[i]f a copy of the summons and complaint cannot with reasonable diligence be personally delivered to the person to be served." Under such circumstances, service can be completed by "leaving a copy of the summons and complaint at the person's dwelling house, usual place of abode, usual place of business, or usual mailing address . . . and by thereafter mailing a copy of the summons and of the complaint by first-class mail, postage prepaid to the person to be served at the place where a copy of the summons and complaint were left." Cal. Civ. P. § 415.20(b). Plaintiff has not shown that there was any attempt to personally serve the individual defendants, much less that personal service could not be complete despite reasonable diligence.

Plaintiff's proofs of service are also deficient because they do not provide the specific place where service was completed. *See* E.D. Local Rule 210 (providing that a proof of service of process "shall show the date, place, and manner of the service"). More critically, they fail to specify the date on which the process server mailed defendants copies of the summons and

complaint. Absent such information, it is not possible to ascertain the date on which substitute service was completed. *See* Cal. Code Civ. P. 415.20(a), (b) (providing that substitute service "is deemed completed on the 10th day after the mailing" of the summons and complaint). Accordingly, plaintiff has failed to demonstrate that each defendant was properly served.

Due to these deficiencies, plaintiff's application for default judgment is denied without prejudice. Should plaintiff wish to renew its motion, it must cure the deficiencies identified in this order and comply with the Federal Rules of Civil Procedure and this court's local rules.

Accordingly, it is hereby ORDERED that plaintiff's motion for entry of default judgment, ECF No. 9, is DENIED without prejudice.

IT IS SO ORDERED.

Dated:   August 18, 2025

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE